NOTE CHANGES MADE BY THE COURT

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 8 2011

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CLAUS, an individual<br><br>Plaintiff.<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION; and DOES 1 through 10, inclusive<br><br>Defendants. | CASE NO.: CV11-02907 PJW<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

*Under seal filings governed by Local Rule 79-5.*

*P JW*

*DOLL AMIR & ELEY LLP*

*CHAMBERS COPY*

CONFIDENTIALITY PROTECTIVE ORDER

1   To expedite the flow of discovery material, facilitate the prompt resolution

2   of disputes over confidentiality, adequately protect confidential, trade secret,

3   proprietary and private consumer information, and ensure that protection is

4   afforded to material so entitled, good cause appearing, and based on the stipulation

5   of the Parties to this action,

6   **IT IS HEREBY ORDERED AS FOLLOWS**:

7   This Order shall govern the use of confidential, trade secret and private

8   consumer information produced during discovery in this proceeding.  The

9   protections conferred by this Order cover not only Confidential Material (as

10  defined below), but also any information copied or extracted therefrom, as well as

11  all copies, excerpts, summaries, or compilations thereof, plus testimony,

12  conversations, or presentations by Parties or Counsel to or in court or in other

13  settings that might reveal Confidential Material.

14  1.   **Definitions.**

15  (a)   "Party" shall mean all named Parties in the above-styled action,

16  including any named Party added or joined to this action, and their counsel of

17  record.

18  (b)   "Non-Party" shall mean any individual, corporation,

19  association, or other natural person or entity other than a Party, and their counsel of

20  record (if any).

21  (c)   "Documents" is intended to be comprehensive and includes any

22  and all materials in the broadest sense contemplated by the California Code of

23  Civil Procedure, Sections 2031.010 *et seq.*

24  (d)   "Discovery Material" shall mean all items or information,

25  regardless of the medium or manner generated, stored or maintained (including,

26  among other things, Documents, testimony, transcripts or other tangible things)

27

28

DOLL AMIR & ELEY LLP

CONFIDENTIALITY PROTECTIVE ORDER

1   that are produced or generated in disclosures or responses to discovery in this

2   matter.

3          (e)   "Confidential" information means the following:

4             i.   Information that constitutes a trade secret in accordance

5   with Cal. Civil Code § 3426.1;

6             ii.   Non-public communications with regulators or other

7   governmental bodies that are intended to be kept confidential and/or are

8   protected from disclosure by statute or regulation;

9             iii.   Information, materials, and/or other Documents

10   reflecting non-public business or financial strategies, trade secret

11   information, private and/or personal identification information which is not

12   already available publicly, and which would result in prejudice or harm to

13   the disclosing Party, and qualifies for protection under standards developed

14   under Fed. R. Civ. Proc. 26(c); and

15             iv.   Borrower-specific information, including private

16   consumer information that contains identifying, contact or private financial

17   information provided by a consumer to a financial institution, resulting from

18   any transaction with the consumer or any service performed for the

19   consumer, or otherwise obtained by the financial institution, including any

20   list, description, or other grouping of consumers (and publicly available

21   information pertaining to them) that is derived using any nonpublic personal

22   information, including any "nonpublic personal information" such as

23   identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.*

24       Any Party may seek an amendment to this Order to designate

25   Discovery Material in addition to the categories described in this section as

26   Confidential before production of any such Discovery Material. The Parties

27   agree to meet and confer in good faith and attempt to reach agreement on

28

DOLL AMIR & ELEY LLP

1   any request by a Party to designate such additional categories of confidential

2   Discovery Material.

3        (f)   "Confidential Material" shall refer to Documents and Discovery

4   Material designated as Confidential pursuant to this Order.

5        (g)   "Designating Party" shall refer to a Party or Non-Party

6   designating Discovery Material as Confidential pursuant to this Order.

7        (h)   "Qualified Person" shall refer to persons to whom disclosure of

8   Confidential Material may be made pursuant to Paragraph 6 of this Order.

9        (i)   "Confidentiality Agreement" shall refer to the Agreement to

10  Maintain Confidentiality attached to this Order as Exhibit A.

11       2.   **Designation of Confidential Material.**

12       (a)   Confidential Material shall be so designated by stamping copies

13  of the Discovery Material produced to a Party with one of the following legends:

14  "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"

15  "CONFIDENTIAL" or "CONFIDENTIAL PRIVATE CONSUMER

16  INFORMATION"

17  Any such stamp or designation shall not cover, obscure or otherwise conceal any

18  text, picture, drawing, graph or other communication or depiction in the Discovery

19  Material.  If such designation is not feasible (*e.g.* in the case of certain electronic

20  Documents), then the Designating party shall affix one of the legends described

21  above in a prominent place on the exterior of the container or containers in which

22  the information or item is stored.

23       (b)   A Party or Non-Party that makes original Discovery Materials

24  available for inspection need not designate them for protection until after the

25  inspecting Party has indicated which material it would like copied and produced.

26  During the inspection and before the designation, all of the material made available

27  for inspection shall be deemed Confidential Material.  After the inspecting Party

28

DOLL AMIR & ELEY LLP

1   has identified the Discovery Materials it wants copied and produced, the

2   Designating Party must determine which materials qualify for protection under this

3   Order.

4               (c)     Counsel for any deponent, Party or Non-Party may designate

5   specific portions of deposition testimony or exhibits as Confidential Material by

6   indicating on the record at the deposition that the testimony of the deponent or any

7   exhibits to his testimony are to be treated as confidential.  The Court reporter shall

8   separately bind such testimony and exhibits in a transcript bearing the legend

9   "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the cover page.

10  Failure of Counsel to designate testimony or exhibits as confidential at deposition,

11  however, shall not constitute a waiver of the confidentiality of the testimony or

12  exhibits.  Upon receipt of the transcript of the deposition, Counsel shall be entitled

13  to designate specific pages and lines of the transcript or the exhibits as confidential

14  within thirty (30) calendar days after receipt of the transcript.  The entire transcript

15  of any deposition shall be treated as Confidential Material until thirty (30) calendar

16  days after the receipt of the final transcript of the deposition.

17              (d)     The designation of any material as "CONFIDENTIAL"

18  pursuant to this Order shall constitute the verification of counsel for the producing

19  Party or Non-Party that the material constitutes Confidential Material as defined in

20  Paragraph 1 of this Order.

21      3.      **No Waiver of Confidentiality For Inadvertent Failure to**

22  **Designate as Confidential.**  If any Confidential Material is inadvertently provided

23  to a discovering Party without being marked as confidential in accordance with this

24  Order, the producing Party may thereafter designate such materials as confidential

25  and the initial failure to so mark the material shall not be deemed a waiver of its

26  confidentiality.  Until the material is designated as confidential by the Designating

27

28

DOLL AMIR & ELEY LLP

1  Party, however, the discovering Party shall be entitled to treat the material as non-
2  confidential.

3      4.    **Access to and Use of Protected Material.** A Party receiving
4  Confidential Material that is disclosed or produced by another Party or by a Non-
5  Party in connection with this case only for prosecuting, defending or attempting to
6  settle this litigation. Such Confidential Material may be disclosed only to the
7  categories of persons and under the conditions described in this Order.
8  Confidential Material must be stored and maintained by a receiving Party at a
9  location and in a secure manner that ensures that access is limited to the persons
10  authorized under this order.

11      5.    **Disclosure of Confidential Material to Qualified Persons.**
12  Confidential Material may be disclosed or made available only to the following
13  persons:

14         (a)    The Parties to this action or an officer, director, or employee of
15  a Party deemed reasonably necessary by counsel to aid in the prosecution,
16  defense, or settlement of this action;

17         (b)    Counsel for the Parties to this action, including all partners and
18  associate attorneys of such counsel's law firms and all clerks, employees,
19  independent contractors, investigators, paralegals, assistants, secretaries,
20  staff and stenographic, computer, audio-visual and clerical employees and
21  agents thereof when operating under the direct supervision of such partners
22  or associate attorneys and who are actually working on this action, all of
23  whom shall be bound by this Order;

24         (c)    The Court and any person employed or retained by the Court
25  whose duties require access to confidential material;

26
27
28

DOLL AMIR & ELEY LLP

(d)     Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e)     Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

(f)     Actual and/or potential trial or deposition witnesses, where Counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

(g)     Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

(h)     Employees of firms engaged by the Parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

(i)     Such other persons as may be designated by written agreement of Counsel or by order of the Court.

6.     **Confidentiality Agreement.**  Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality in the form of Exhibit A.  Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order.  Counsel for the Party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such Confidentiality Agreements.

7.     **Disclosure of Confidential Deposition Testimony.**  No one may attend the portions of depositions or review the transcripts of the portions of any

DOLL AMIR & ELEY LLP

1 | depositions at which Confidential Material is shown or discussed other than those

2 | Qualified Persons designated in Paragraph 5 and outside counsel for any Non-Party

3 | deponent (who shall first sign the Confidentiality Agreement).

4 |       8.     **Notification of Inadvertent Disclosure of Confidential Material.** If

5 | a person receiving Confidential Material learns that, by inadvertence or otherwise,

6 | it has disclosed Confidential Material to any person or in any circumstance not

7 | authorized under this Order, that person shall request the recipient to return the

8 | Confidential Material including all copies thereof, and notify the Designating Party

9 | that produced the Confidential Material of the disclosure.

10 |       9.     **Disclosure of Confidential Material Pursuant to Compulsory**

11 | **Process.** Nothing in this Order shall prohibit disclosure of Confidential Material in

12 | response to compulsory process or the process of any governmental regulatory

13 | agency.  If any person subject to this Order, including a person subject to a

14 | Confidentiality Agreement under this Order, is served with such process or

15 | receives notice of any subpoena or other discovery request seeking Confidential

16 | Material, such person shall promptly (not more than three (3) working days after

17 | receipt of such process or notice) notify the Designating Party of such process or

18 | request, shall take all reasonable steps to refrain from producing Confidential

19 | Material in response to such process, and shall afford a reasonable opportunity for

20 | the Designating Party to oppose the process or to seek a protective order.

21 |       10.     **Filing Confidential Material Under Seal.** Any motion, pleading or

22 | other submission that contains or attaches Confidential Material shall be filed in

23 | accordance with the requirements of United States District Court, Central District

24 | of California, Local Rule 79-5.1, ~~in a sealed envelope that:  (a) states that the~~

25 | ~~enclosed record is subject to a motion or application to file the record under seal;~~

26 | ~~and (b) contains the following legend:~~

27 |

28 |

DOLL AMIR & ELEY LLP

1   ~~"CONDITIONALLY UNDER SEAL: THIS ENVELOPE IS SEALED~~
2   ~~PURSUANT TO ORDER OF THE COURT, CONTAINS~~
3   ~~CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED NOR~~
4   ~~THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT."~~
5   ~~All papers that refer to or rely upon Confidential Material shall specify the~~
6   ~~particular aspects of the Documents or materials that are Confidential.~~

7        11.    **Challenging Confidentiality Designations.**

8        (a)    <u>Timing of Challenges.</u>  Unless a prompt challenge to a
9   designating Party's confidentiality designation is necessary to avoid foreseeable
10  substantial unfairness, unnecessary economic burdens, or a later significant
11  disruption or delay of the litigation, a Party does not waive its right to challenge a
12  confidentiality designation by electing not to mount a challenge promptly after the
13  original designation is disclosed.

14       (b)    <u>Meet and Confer Requirement.</u>  A Party that elects to initiate a
15  challenge to a Designating Party's confidentiality designation must do so in good
16  faith and must begin the process by conferring directly (in voice to voice dialogue;
17  other forms of communication are not sufficient) with counsel for the Designating
18  Party.  In conferring, the challenging Party must explain the basis for its belief that
19  the confidentiality designation was not proper and must give the Designating Party
20  an opportunity to review the designated material, to reconsider the circumstances,
21  and, if no change in designation is offered, to explain the basis for the chosen
22  designation.

23       (c)    <u>Judicial Intervention.</u>   Any Party may request a change in the
24  designation of any information designated at "Confidential."   Such a request must be in
25  writing and must provide the basis for the request.   Any such material shall be treated as
26  designated until the change is completed.   If the requested change in designation is not
27  agreed to within seven (7) days of the request, the Party seeking the change make move

28

DOLL AMIR & ELEY LLP

1  for appropriate relief. The Party asserting that the material is Confidential shall have the

2  burden of proving that the information in question is within the scope of protected

3  afforded by Federal Rule of Civil Procedure 26( c). The Court shall impose sanctions,

4  including reasonable fees and costs, against any party that unsuccessfully makes or

5  opposes a motion brought under this paragraph to change a designation.

6        12. **Termination of Lawsuit.** Within sixty (60) calendar days of final

7  termination of this lawsuit, including all appeals, (whether by judgment, settlement

8  or otherwise) all materials produced by a Party that contain Confidential Material,

9  including all abstracts and summaries of such material, shall be destroyed or

10  returned to Counsel for the Designating Party. Such destroyed or returned

11  materials shall not include the notes or work product of counsel for the Parties,

12  expert witnesses or consultants or investigators or agents thereof. Counsel for each

13  such Party shall certify that the provisions of this paragraph have been satisfied by

14  sending opposing counsel a letter confirming compliance. Reasonable out-of-

15  pocket costs associated with returning or destroying Confidential Materials will be

16  borne by the Party in possession of the Confidential Material at the time of the

17  final termination of this lawsuit.

18        13. **Miscellaneous.**

19           (a)   Right to Further Relief. Nothing in this Order abridges the

20  right of any person to seek its modification by the Court in the future.

21           (b)   Right to Assert Other Objections. By stipulating to the entry of

22  this Protective Order, no Party waives any right it otherwise would have to object

23  to disclosing or producing any information or item on any ground not addressed in

24  this Stipulated Protective Order. Similarly, no Party waives any right to object on

25  any ground to use in evidence of any of the Confidential Material covered by this

26  Order.

27

28

DOLL AMIR & ELEY LLP

DOLL AMIR & ELEY LLP

1      (c)   <u>No Waiver of Privilege.</u>  Nothing in this Stipulated Protective

2  Order shall be deemed to be a limit or waiver of the attorney-client privilege, the

3  work product privilege, or any other relevant privilege.  Further, inadvertent

4  production of privileged information shall not waive the privilege.  If privileged

5  information is inadvertently produced, the recipient agrees that, upon request from

6  the producing Party, it shall promptly return all copies of documents containing the

7  privileged information, delete any versions of the documents containing the

8  privileged information on any database or computer filing system it maintains, and

9  make no use of the privileged information.

10     (d)   <u>Jurisdiction.</u>  The Court retains jurisdiction to make

11  amendments, modifications, deletions, and additions to this Stipulated Protective

12  Order as the Court from time to time may consider appropriate, upon motion of

13  any Party or otherwise.  The provisions of this Stipulated Protective Order

14  regarding the use or disclosure of information designated as

15

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27

28

1  Confidential Material will survive the termination of this action and the Court will
2  retain jurisdiction with respect to this order.

3  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

5  Dated: October 25, 2011          **AIDAN W. BUTLER, ATTORNEY AT LAW**

8                                   Aidan W. Butler
                                    Attorney for Plaintiff
9                                   BRIAN CLAUS

11 Dated: October 24, 2011          **DOLL AMIR & ELEY LLP**

13                                  Hunter R. Eley
                                    Attorneys for Defendant:
15                                  CAPITAL ONE BANK (USA), N.A.

17 **IT IS SO ORDERED.**

18 Dated: October 28 2011

                                    Hon. Patrick J. Walsh

DOLL AMIR & ELEY LLP

**Exhibit A: Agreement to Be Bound by Confidentiality Protective Order**

1  I, _____ [print or type full name], of _____

2  _____, declare under penalty of perjury under the laws of the State of California and the United

3  States of America that I have read and understand the Stipulated Protective Order that was

4  entered by the United States District Court, Central District of California in *Claus v. Capital*

5  *One, National Association,* Case No. CV11-02907 PJW.  I agree to comply with and to be

6  bound by the terms of this Order, and I understand that failure to comply could expose me to

7  sanctions and punishment in the nature of contempt.  I agree that I will not use or disclose

8  information in any form that is protected under that Order, except in strict compliance with the

9  provisions of this Order.  I solemnly promise that I will not disclose in any manner any

10  information or item that is subject to this Stipulated Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12  I further agree to submit to the jurisdiction and venue of the above-referenced court for

13  proceedings relating to this Order, including enforcement proceedings, even if such proceedings

14  occur after the termination of the case in which the Order was entered.

15  I hereby appoint _____ [print or type full name], of _____

16  _____, as my California agent for service of process in connection with this

17  action or any proceedings related to enforcement of this protective order.

18  Date: _____

19  City and State where sworn and signed: _____

20  Printed Name: _____

21  Signature: _____

CONFIDENTIALITY PROTECTIVE ORDER

DOLL AMIR & ELEY LLP